**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LANDMARK VENTURES (USA) INC.,

Plaintiff,

-v.-

SOUNDHOUND AI, INC.,

Defendant.

No. 26 Civ. 6084 (KPF)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order"), including without limitation the Parties to this action, their representatives, agents, experts and consultants, and all third parties providing discovery in this action, shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action, including information exchanged informally in aid of settlement pursuant to Paragraph 11(c) of the Civil Case Management Plan and Scheduling Order (Dkt. 19)) that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter, collectively, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in

information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3. The person producing any given Discovery Material or that person's counsel may designate such material as "Confidential – Attorneys' Eyes Only," in whole or in part, only if counsel determines reasonably and in good faith that the material qualifies as Confidential under paragraph 2 and that its disclosure to a Party (as opposed to the Party's counsel) would create a substantial risk of competitive or commercial harm.

4. With respect to the Confidential Discovery Material portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion by stamping or otherwise clearly marking the protected portion with the applicable designation in a manner that will not interfere with legibility or audibility. Spreadsheets and other Discovery Material produced in native format shall be designated by a cover sheet bearing the Bates number assigned to the file and any applicable designation.

5. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential Discovery Material either by (a) indicating on the record during the deposition that a question calls for Confidential Discovery Material, and stating the applicable designation, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Confidential – Attorneys' Eyes Only Information Governed by Protective Order," as applicable; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a final deposition transcript is available, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential Discovery Material, and the applicable designation, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the availability of the final deposition transcript, the entire deposition transcript will be treated as if it had been designated "Confidential," except that any portion designated on the record under clause (a) shall be treated in accordance with the designation so stated.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential Discovery Material, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential Discovery Material under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing person shall disclose any Confidential Discovery Material to any other person whomsoever, except, subject to paragraph 8, to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. No person subject to this Protective Order other than the producing person shall disclose any Discovery Material designated "Confidential – Attorneys' Eyes Only" to any other person whomsoever, except to the persons identified in paragraphs 7(c), 7(d), 7(e), 7(g), 7(h), and 7(i); to a witness identified in paragraph 7(f) only if the witness authored or previously received the material or is a current officer, director, or employee of the producing person; to outside counsel of record for the Parties and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter; and to in-house counsel of a Party who are identified in writing to the producing person and who have executed a Non-Disclosure Agreement in the form annexed

as Exhibit A hereto. Such material shall not otherwise be disclosed to a Party or to any officer, director, or employee of a Party absent the written consent of the producing person or further order of the Court.

9. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Rule 2(C)(ii) of the Court's Individual Rules of Practice in Civil Cases.

10. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

11. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 9 of the Court's Individual Rules of Practice in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. The Parties shall use their best efforts to minimize such sealing.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential Discovery Material.

14. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system,

that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material. A Party seeking to file Confidential Discovery Material designated by another person shall give the designating person at least three business days' notice where practicable. The designating person may, within three business days after the filing Party's letter motion, submit a letter explaining why the proposed redaction or sealing is warranted under Rule 9 of the Court's Individual Rules of Practice in Civil Cases, and shall bear the burden of that showing.

15. Each person who has access to Discovery Material that has been designated as Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17. Pursuant to Federal Rule of Evidence 502(d), if, in connection with this litigation, a producing person discloses, whether inadvertently or otherwise, information subject to a claim of attorney-client privilege or attorney-work-product protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Protected Information and its subject matter in this action or in any other federal or state proceeding.

18. If a producing person notifies a receiving person that it has disclosed Protected Information, the receiving person shall not thereafter review the Protected Information for any purpose, except by order of the Court. The receiving person shall, within five business days, return or destroy all copies of the Protected Information, and provide a certification of counsel that all such information has been returned or destroyed.

19. Within five business days of the notification that such Protected Information has been returned or destroyed, the producing person shall produce a privilege log with respect to the Protected Information.

20. As with any information redacted or withheld, the receiving person may seek an order from the Court compelling production of the Protected Information. The receiving person shall not assert as a ground for entering such an Order the fact or circumstances of the production.

21. The producing person retains the burden of establishing the privileged or protected nature of any information. Nothing in this Protective Order shall limit the right of any Party to request an in camera review of the Protected Information.

22. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

23. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24. Nothing in this Protective Order, and no Party's participation in discovery or production of Discovery Material under it, shall be construed as a waiver of any claim, defense, objection, or right of any Party, including any right to compel arbitration, or as an admission that any Discovery Material is relevant, discoverable, or admissible

**SO STIPULATED AND AGREED:**

WARNER & SCHEUERMAN

By: *<u>/s/ Jonathon D. Warner (signed with permission)</u>*
Jonathon D. Warner
6 West 18th Street, 10th Floor
New York, New York 10011
(212) 924-7111
jdwarner@wslaw.nyc
Attorney for Plaintiff Landmark Ventures (USA) Inc.
Dated: October 22, 2026

EIMER STAHL LLP

By: */s/ Jacob M. Hamann*
Jacob M. Hamann (pro hac vice)
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
(312) 660-7600
jhamann@eimerstahl.com
Attorney for Defendant SoundHound AI, Inc.
Dated: October 22, 2026

Dated: October 23, 2026
New York, New York

**SO ORDERED:**

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

This Protective Order does not bind the Court or any of its personnel. The Court will retain jurisdiction over the terms and conditions of this Order only for the pendency of this litigation.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LANDMARK VENTURES (USA) INC., Plaintiff, -v.- SOUNDHOUND AI, INC., Defendant. | No. 26 Civ. 6084 (KPF) |

## NON-DISCLOSURE AGREEMENT

I, ______________________________, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or "Confidential – Attorneys' Eyes Only" ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________

___________________________
Signature